```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| LATONYA L. BOONE, | : | |
| | : | |
| Plaintiff, | : | HONORABLE JOSEPH E. IRENAS |
| v. | : | CIVIL ACTION |
| | : | NO. 1:13-cv-01792-JEI-AMD |
| SAVE-A-LOT FOOD STORES, LTD | : | |
| A SUBSIDIARY OF SAVE-A-LOT | : | **OPINION** |
| HOLDING, INC., AND/OR, | : | |
| SUPERVALUE, INC., AND/OR | : | |
| SHAWS SUPERMARKET, | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

Andrew Alan Ballerini, Esq.
535 Route 38
Suite 328
Cherry Hill, NJ 08002
    Counsel for Plaintiff

KENT & MCBRINE, PC
Denis P. McBride, Esq.
1040 Kings Highway North
Suite 600
Cherry Hill, NJ 08034
    Counsel for Defendant

**IRENAS** Senior District Judge:

    Plaintiff Latonya L. Boone brought this personal injury action against Moran Foods, Inc.[1] after she tripped and fell at a Save-A-Lot store located in Pennsauken, New Jersey. The Complaint was filed in the Superior Court of New Jersey on

---

[1] Defendant indicates that it was improperly designated as Save-A-Lot Food Stores, LTD. (Cert. In Opp. To Pl.'s Mot. to Remand ("Def.'s Cert.") ¶ 1)

January 28, 2013 and Defendant's Notice of Removal to this Court was filed on March 22, 2013. (Def's Cert. Ex. A; Dkt. No. 1) Plaintiff moves to remand arguing that the amount in controversy does not meet the minimum requirement of 28 U.S.C. § 1332 and therefore this Court lacks subject matter jurisdiction. (Cert. of Andrew A. Ballerini ("Ballerini Cert.") ¶ 6; Dkt. No. 5) For the reasons given below, Plaintiff's Motion to Remand will be denied.

## I.

On February 21, 2011, Plaintiff Latoya L. Boone was shopping at a Save-A-Lot food store in Pennsauken, New Jersey. (Compl. ¶ 1) Plaintiff tripped over an empty dolly in the frozen food aisle and fell, hitting her right knee, left shoulder, and face on a freezer. (Def.'s Cert. ¶ 2; *Id.* Ex. B 2)[2] After the fall, Plaintiff incurred significant medical expenses and "will in the future suffer great pain and discomfort in an effort to rectify [her] injuries."[3] (Compl. ¶

---

[2] While *Samuel-Basset v. Kia Motors America, Inc.*, 357 F.3d 392, 398 (3d Cir. 2004) dictates that determining the amount in controversy in a removal case begins with reading the complaint filed in state court, this Court may also rely on facts from other parts of the record under the "other papers" clause of 28 U.S.C. § 1446(b). *See Rahwar v. Nootz*, 863 F.Supp. 191, 192 (D.N.J. 1994).

[3] *See* N.J. Stat. Ann. § 4:5-2 (West 2012) ("If unliquidated money damages are claimed in any court, . . . the pleading shall demand damages generally without specifying the amount."). *But see Varanian v. Terzian*, 960 F. Supp. 58, 61 (D.N.J. 1997)

2

7) Plaintiff supplied Defendant with a Settlement Memorandum that provided extensive documentation of Plaintiff's medical history following the incident. (Def.'s Cert. Ex. B) The memorandum demanded $175,000.00 "based on permanent injuries to two major body parts, requiring lengthy treatment." (*Id.* at 8) Plaintiff then filed this action seeking damages, plus interest, costs of suit, and attorneys' fees in New Jersey superior court. (Def's Cert. Ex. A; Dkt. No. 1) She claims that her injuries resulted directly and proximately from Defendant's negligence and that Defendant "carelessly, recklessly, and negligently create[d] an unsafe condition on the customer sales floor." (Compl. ¶ 5)

Defendant then removed the case to this Court pursuant to 28 U.S.C. § 1332. (Dkt. No. 1) Defendant's Notice of Removal explicitly stated that the amount in controversy exceeded $75,000.00 exclusive of interests and costs. (Not. Of Removal, ¶ 5) Plaintiff has allegedly denied numerous proposals by Defendant to stipulate that damages are below $75,000.00, including most recently on May 15, 2013. (Def's Cert. ¶ 7; *Id.* Ex. C) However, Plaintiff filed an Offer of Judgment in the amount of $74,900.00 on April 19, 2013. (*Id.* at ¶ 11) Plaintiff then filed the instant Motion to Remand arguing that

---

(clarifying that rule 4:5-2 does not prohibit plaintiff from claiming that the damages are in excess of the federal jurisdictional amount).

the amount in controversy does not meet the threshold set by 28 U.S.C. § 1332. (Dkt. No. 5; Ballerini Cert. ¶ 6)

## II.

A civil action brought in state court may be removed to a United States District Court if the district court has original subject matter jurisdiction. 28 U.S.C. § 1441(a). A district court has original subject matter jurisdiction on the basis of diversity of citizenship when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[4]. . . ." *Id.* at § 1332(a). Generally, a removed case is subject to remand at any time before final judgment. *Id.* at § 1447(c).

## III.

Plaintiff argues that because she made an offer of judgment in the amount of $74,900.00, the amount in controversy does not exceed the required jurisdictional amount of $75,000.00. The issue, then, is whether Plaintiff can alter the amount in controversy subsequent to removal in order to oust this Court's original subject matter jurisdiction.

---

[4] Plaintiff concedes that diversity of citizenship exists. (Pl.'s Brief in Supp. of Mot. To Remand) Therefore, this Court will focus its analysis on whether the amount in controversy exceeds the $75,000.00 threshold.

4

The Supreme Court of the United States has held that "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *Federico*, 507 F.3d at 194 (quoting *St. Paul Mercury Indemnity Co. v. Red Cab*, 303 U.S. 283, 293 (1938)).

In accordance with this ruling, the court in *Modica v. Home Depot* denied a plaintiff's motion to remand, holding that a plaintiff's offer of judgment for $74,999.00 subsequent to removal did not deprive the court of original subject matter jurisdiction. No. 06-5307, 2007 U.S. Dist. LEXIS 30336, at *6 (D.N.J. April 23, 2007). The court found that its jurisdiction attached prior to removal upon the defendant's receipt of the plaintiff's statement of damages in the amount of $1,000,000.00. *Id.* at *1.

Similarly in *Rahwar v. Nootz*, the court denied a plaintiff's motion to remand because it could not "allow the plaintiff to claim he ha[d] suffered $500,000 in damages in order to raise the stakes in the litigation and then claim he ha[d] suffered less than $50,000 in damages in order to defeat federal jurisdiction." 863 F.Supp. 191, 192 (D.N.J. 1994).

The Third Circuit has upheld this principle. *See Werwinski v. Ford Motor Co.*, 286 F.3d 661, 667 (3d Cir. 2002) (citing

*Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993)) ("[A] plaintiff's stipulation subsequent to removal as to the amount in controversy or the types of relief sought is of "no legal significance" to the court's determination."); *Angus*, 989 F.2d at 145 ("[A] plaintiff following removal cannot destroy federal jurisdiction simply by amending a complaint that initially satisfied the monetary floor. Instead, we consider only the amount in controversy as alleged in . . . [the] complaint.").

The Complaint in the instant case does include a description of the harm done, but not an explicit reference to the required jurisdictional amount of $75,000.00.[5] While this may reasonably be inferred to surpass the required threshold, this Court must resolve all doubts in favor of remand[6] and therefore must turn to the Notice of Removal and other relevant papers.[7]

---

[5] "As a result of the incident, the Plaintiff was injured and will in the future suffer great pain and discomfort in an effort to rectify said injuries, has been, is now, and will in the future be unable to pursue her normal physical and business activities, has incurred and may in the future incur expenses to obtain medical care and has otherwise been damaged." (Compl. ¶ 7)

[6] *Steel Valley Authority v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citing *Abels v. State Farm Fire and Casualty Co.*, 770 F.2d 26, 29 (3d Cir. 1985)).

[7] "The notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . does not permit demand for a specific sum . . . ." 28 U.S.C. § 1446(c)(2)(A); *see also Federico*, 507 F.3d at

6

The Notice of Removal states "there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs." (Def.'s Not. of Removal ¶ 5) Additionally, Defendant provided this Court with a copy of a Settlement Memorandum composed by Plaintiff and submitted to Defendant on October 5, 2012.[8] (Def.'s Cert. Ex. B) The Memorandum contains well over one hundred pages worth of medical forms that detail check-ups, physical therapy, treatments, and general medical diagnostics following Plaintiff's fall. *Id.* The Memorandum states that, "[b]ased on permanent injuries to two major body parts, requiring lengthy treatment including injections, our demand for settlement is $175,000.00 plus the outstanding medical bills and the Medicaid lien." *Id.* at 8.

Based on the demand in the Settlement Memorandum, the Notice of Removal, and the factual allegations of the Complaint, it is clear that the amount in controversy exceeded the statutory minimum at the time the case was removed, and indeed,

---

197 ("[A] defendant's notice of removal serves the same function as the complaint would if filed in the district court.").

[8] *See supra* Note 2; *Rahwar*, 863 F.Supp. at 192 ("Correspondence between parties . . . specifically has been held sufficient to support removal."); *Faltaous v. Johnson and Johnson*, No. 07-1572, 2007 WL 3256833 at *6 (D.N.J. Nov. 5, 2007) (opining that the court can consider submissions related to plaintiff's motion to remand in determining the amount in controversy).

at the time the complaint was filed. Therefore plaintiff's offer of judgment cannot oust this court's subject matter jurisdiction, and the Motion to Remand must fail.[9]

**IV.**

For the foregoing reasons, Plaintiff's Motion to Remand will be denied. An appropriate Order accompanies this Opinion.

Date: June 6, 2013

                                                  ____s/ Joseph E. Irenas____
                                                  **Joseph E. Irenas, S.U.S.D.J.**

---

[9] Plaintiff relies on *Ortiz v. Sam's Club Membership Warehouse*, 41 F. Supp.2d 545 (D.N.J. 1999), but *Sam's Club* is distinguishable. In that case, the court found that defendant's belief that the amount in controversy exceeded $75,000.00 was based solely on plaintiffs' inaction with regard to a stipulation to limit damages. 41 F. Supp.2d at 546. Defendant's belief was not based on any affirmative action or statement by plaintiffs, and there was nothing in the state court complaint that even suggested an amount in controversy over $75,000.00 was being sought. *Id.*

In this case, Plaintiff supplied Defendant with a Settlement Memorandum that extensively detailed her injuries and treatments and demanded $175,000.00, which is well above the required jurisdictional threshold of $75,000.00. (Def's. Cert. Ex. B) Furthermore, while the state court complaint did not include an express demand for an amount above $75,000.00, it did detail extensive injury and ongoing treatment which could be inferred to surpass the $75,000.00 threshold.